<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BRENDA HOLCOMB, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CARE ONE LLC,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-20611 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are Defendant Care One LLC's ("Care One") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Motion for Sanctions pursuant to Federal Rule of Civil Procedure 11. (ECF Nos. 11, 19.) Plaintiffs Brenda Holcomb and Alice Tzeng ("Plaintiffs") filed an opposition to the motions (ECF No. 26), and Care One filed a reply (ECF No. 27). Having reviewed the parties' submissions filed in connection with the Motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Care One's Motion to Dismiss is **GRANTED**, and Care One's Motion for Sanctions is **DENIED**.

**I.    BACKGROUND**

For the purpose of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiffs. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*,

1

114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

This action arises out of Plaintiffs' challenge to a COVID-19 vaccination policy allegedly implemented and enforced by Care One. (Compl. (ECF No. 1) ¶ 1.) Plaintiffs are physicians whose medical practices are centered around patients at Care One's facilities. (*Id.* ¶¶ 1–2.) Care One is a privately owned limited liability company that operates nursing home and assisted living facilities in New Jersey.[1] (*Id.* ¶ 1.) Care One mandated all medical providers who treat patients at its facilities receive COVID-19 vaccinations or be prohibited from entering its facilities. (*Id.*) Plaintiffs sought religious and medical exemptions to the vaccination policy but were denied. (*Id.*) Plaintiffs allege the denial of their religious and medical objections to receiving the COVID-19 vaccine cost them their livelihoods because they were no longer permitted to treat patients at Care One's facilities. (*Id.* ¶ 2.)

On December 20, 2021, Plaintiffs filed their Complaint against Care One, alleging: (1) employment discrimination and failure to accommodate in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts I and II); employment discrimination and failure to accommodate in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, (Counts III and IV); employment discrimination and refusal to contract under the New Jersey Law Against Discrimination ("NJLAD") (Count V); tortious interference (Count VI); breach of contract (Count VII); promissory estoppel (Count VIII); and declaratory judgment pursuant to 28 U.S.C. 2201 (Count IX). (*Id.* ¶¶ 59–114.)

---

[1] Care One contests Plaintiffs' assertion that Care One is the proper party to this litigation. Care One explains it is "a holding company that is not the licensed owner or operator of the facilities at issue." (ECF No. 11-1 at 1.) Care One states it "has affiliates that operate post-acute nursing and assisted living facilities throughout New Jersey." (*Id.* at 2.)

2

On January 13, 2022, Care One's counsel sent Plaintiffs' counsel a letter stating Plaintiffs' Complaint required dismissal because: (1) Care One is not a proper defendant; (2) Plaintiffs are not employees of Care One; and (3) as non-employees, Plaintiffs cannot bring employment discrimination claims under Title VII, the ADA, or the NJLAD. (Care One Opp. Br. (ECF No. 20) at 3–4.) The letter further asserted, among other things, Plaintiffs' counsel did not conduct baseline due diligence in verifying facts, explaining the relationship between Plaintiffs and Care One, and obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 3.)

On May 5, 2022, Care One filed a motion to dismiss. (ECF No. 11.) On May 27, 2022, Care One filed a motion for sanctions against Plaintiffs and their counsel. (ECF Nos. 19, 20.) On June 21, 2022, Plaintiffs filed their opposition to both motions. (ECF No. 26.) On June 28, 2022, Care One filed its reply. (ECF No. 27.)

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S.

at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (emphasis added) (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

### B.    Federal Rule of Civil Procedure 11

Rule 11 of the Federal Rules of Civil Procedure permits a court to impose sanctions on a party who has presented a pleading, motion, or other paper to the court without evidentiary support or for "any improper purpose." Fed. R. Civ. P. 11(b). "[T]he central purpose of Rule 11 is to deter baseless filings in District Court and thus, consistent with the Rule Enabling Act's grant of authority, streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990); *Reardon v. Murphy*, Civ. A. No. 18-11372, 2019 U.S. Dist. LEXIS 166213, at *10 (D.N.J. Sept. 27, 2019).

District courts have the power to enjoin the filing of meritless actions "where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Packer Ave. Assocs.*, 884 F.2d 745, 747 (3d Cir. 1989). However, such injunctions should be "narrowly tailored and sparingly used," *id.*, because "access to the courts is a fundamental tenet to our judicial system; *legitimate* claims should receive a full and fair hearing no matter how litigious the plaintiff may be," *Abdul-Akbar v. Watson*, 901 F.2d 329, 332 (3d Cir. 1990) (quoting *In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982)).

There are "several methods of achieving the various goals of Rule 11," including reasonable attorneys' fees, expenses, or nonmonetary directives. *Doering v. Union Cnty. Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988); *see* Fed. R. Civ. P. 11(c)(4). A court is granted broad discretion in choosing the nature and severity of sanctions in a particular case. *See DiPaolo v. Moran*, 407 F.3d 140, 146 (3d Cir. 2005); *Levy v. Jaguar Land Rover N. Am., LLC*, Civ. A. No. 19-13497, 2020 U.S. Dist. LEXIS 18711, at *22 (D.N.J. Feb. 4, 2020). The rule is intended to discourage the filing of frivolous, unsupported, or unreasonable claims by "impos[ing] on counsel a duty to look before leaping and may be seen as a litigation version of the familiar railroad crossing admonition to 'stop, look, and listen.'" *Lieb v. Topstone Indus. Inc.*, 788 F.2d 151, 157 (3d Cir. 1986); *Keyes v. Nationstar Mortg., LLC*, Civ. A. No. 20-02649, 2020 U.S. Dist. LEXIS 191958, at *27 (D.N.J. Oct. 16, 2020).

"Although a court retains the inherent right to sanction when rules of court or statutes also provide a vehicle for sanctioning misconduct, resort to these inherent powers is not preferred when other remedies are available." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) "Therefore, generally, a court's inherent power should be

reserved for those cases in which the conduct of a party or an attorney is egregious and no other

basis for sanctions exists." *Id*. (citation and quotation marks omitted).

**III.   DECISION**

**A.     Motion to Dismiss**

Care One argues Plaintiffs' employment-based federal claims fail because Plaintiffs are

not employees of the facilities where they treat their patients and Plaintiffs have not exhausted

their administrative remedies by obtaining a Notice of Right to Sue from the EEOC before

initiating this action. (ECF No. 11-1 at 10–14.) Plaintiffs argue they should be construed as Care

One's employees because Care One retained control over Plaintiffs' access and ability to treat

patients. (ECF No. 26 at 22–27.) Plaintiffs contend they continue to follow up with the EEOC on

the status of their claim but has brought this federal action "in the interim to vindicate Plaintiffs'

legal rights principally through injunctive relief." (*Id*. at 22.)

A failure to exhaust defense may be properly raised on a motion to dismiss. *See Anjelino

v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir. 1999). Title VII and the ADA require a

plaintiff bringing an action against an employer for discrimination to first file an action with the

EEOC within 180 days of the alleged conduct. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 42 U.S.C.

§ 12117(a) (ADA); *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir. 2009) ("Before bringing

suit under Title VII in federal court, a plaintiff must first file a charge with the EEOC."); *Buck v.

Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("Plaintiffs bringing employment

discrimination charges under the ADA must comply with the procedural requirements set forth in

Title VII of the Civil Rights Act of 1964, as amended, at 42 U.S.C. § 2000e-5.").

After filing a charge with the EEOC, a plaintiff must receive a "right to sue" letter before

filing with the district court. *See Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465,

470 (3d Cir. 2001) (stating the EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action); *Ditzel v. Univ. of Med. & Dentistry of N.J.*, 962 F. Supp. 595, 602 (D.N.J. 1997). Only after the EEOC action is filed, an investigation is completed, and a right to sue letter is issued can a plaintiff be considered to have exhausted her administrative remedies. *Burgh*, 251 F.3d at 470. "If a plaintiff brings suit under Title VII or the ADA before receiving a 'right-to-sue letter,' the matter may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust administrative remedies." *Small v. Rahway Bd. of Educ.*, Civ. A. No. 17-1963, 2017 U.S. Dist. LEXIS 53421, at *3 (D.N.J. Apr. 6, 2017) (citations omitted); *see, e.g., Robinson v. Univ. of Med. & Dentistry of N.J.*, Civ. A. No. 06-1158, 2006 U.S. Dist. LEXIS 85121, at *4 (D.N.J. Nov. 17, 2006) ("Because there is no dispute that Plaintiff failed to file an EEOC charge and obtain a right to sue letter, Plaintiff's ADA claims must be dismissed under Rule 12(b)(6) for failure to exhaust administrative remedies."). A plaintiff's failure to exhaust administrative remedies prior to filing a charge of discrimination under the ADA or Title VII may warrant dismissal. *Slingland v. Donahoe*, 542 F. App'x 189, 192 (3d Cir. 2013) (affirming the district court's dismissal of the plaintiff's Title VII claims based on her failure to exhaust the administrative remedies available to her); *Anjelino*, 200 F.3d at 87–88 (3d Cir. 2000)) (finding failure to exhaust administrative remedies in an ADA suit by not filing an EEOC charge before bringing suit is properly reviewed under Fed R. Civ. P. 12(b)(6)).

Here, Plaintiffs concede they have not obtained a right to sue letter and the alleged filed charges are still pending before the EEOC. (ECF No. 26 at 21–22.) Therefore, Plaintiffs admittedly have not exhausted their administrative remedies before filing suit. *See Delprato v. Day Chevrolet Inc.*, 427 F. App'x 86, 89 (3d Cir. 2011) (finding a plaintiff "must wait until the EEOC completes

its investigation of the claim before he can initiate a private action"). Plaintiffs cite no authority in support of their proposition a federal action may be brought "in the interim to vindicate Plaintiffs' legal rights."[2] (ECF No. 26 at 22.) As such, failure to exhaust administrative remedies warrants dismissal of Plaintiffs' Title VII and ADA claims. *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) ("Failure to exhaust administrative remedies, while not a jurisdictional defect, is a ground to dismiss a case for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."); *Stampone v. Freeman Decorating Co.*, 196 F. App'x 123, 125 (3d Cir. 2006) ("In the absence of a right-to-sue letter, a Title VII suit can be dismissed for failure to state a claim upon which relief may be granted."). To the extent Plaintiffs contend they brought suit to pursue injunctive relief, they have not submitted any motion or application with the Court making such request. Nor have Plaintiffs explained what injunctive relief they are seeking.[3] Accordingly, Care One's motion to dismiss Plaintiffs' Title VII and ADA claims is **GRANTED**.

---

[2] The single case Plaintiffs cite, *Fort Bend County v. Davis*, is inapposite. 139 S. Ct. 1843 (2019). In that case, the Supreme Court held the administrative exhaustion requirement of Title VII is a mandatory processing rule, not a jurisdictional prescription. *Id.* at 1852 Indeed, the Court acknowledged Title VII's charge-filing provisions "require complainants to submit information to the EEOC and to wait a specified period before commencing a civil action." *Id.* at 1851.

[3] While a failure to exhaust administrative remedies suffices as a basis for dismissal, there are several other deficiencies in Plaintiffs' Complaint warranting dismissal, including Plaintiffs' failure to properly name the correct defendant. Plaintiffs appear to tacitly acknowledge Care One is not the proper party to this suit. (ECF No. 26 at 20–21 ("If there are corporate affiliates distinct from Care One, LLC that should also be named as Defendants, that can be accomplished through simple pleading amendments. . . . [U]pon discovery of this basic corporate information, Plaintiffs will move to amend in short order.").) Plaintiffs criticize Care One's purported refusal to disclose the nature of its affiliation with the facilities; however, as Care One has indicated, its affiliation is that of a holding company—a separate and distinct entity. *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001) ("[M]ere ownership of a subsidiary does not justify the imposition of liability on the parent."); *Marzano v. Comput. Sci. Corp.*, 91 F.3d 497, 513 (3d Cir. 1996) ("Even in the case of a parent corporation and its wholly-owned subsidiary, limited liability normally will not be abrogated." (quotation omitted)). Notably, Care One attests to providing Plaintiffs with ownership information for each of the facilities identified in the Complaint and directed Plaintiffs to public records of the entities operating the facilities at issue. (ECF No. 27 at

### B.       Supplemental Jurisdiction

As to Plaintiffs' NJLAD, breach of contract, promissory estoppel, and tortious interference claims, the Court declines to exercise supplemental jurisdiction over these state law claims. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Del. Cnty., Pa.*, 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284–85. Here, because Plaintiffs' NJLAD, breach of contract, promissory estoppel, and tortious interference claims are based purely on state law, they are not claims over which the Court has original jurisdiction. Therefore, at this early stage in the litigation, the Court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims.

---

3, 4.) Plaintiffs are not absolved of adhering to the Rule 8 pleading requirements simply because Care One has some affiliation with the proper defendant to be named. *See In re Zinc Antitrust Litig.*, 155 F. Supp. 3d 337, 384 (S.D.N.Y. 2016) ("The fact that two separate legal entities may have a corporate affiliation—perhaps owned by the same holding company—does not alter this pleading requirement. Nor is it sufficient for plaintiffs to simply state in conclusory terms that separate legal entities are 'sometimes collectively referred to' by a shared generic name."). In any event, in light of Plaintiffs' failure to exhaust their administrative remedies, Care One's remaining arguments are moot, and the Court makes no finding as to proper party.

### C.      Motion for Sanctions

Care One argues the Court should impose sanctions against Plaintiffs and their counsel because they refused to withdraw or amend their Complaint and continued to pursue their claims in bad faith. (ECF No. 20 at 8–21.) Care One contends Plaintiffs' counsel pursued this action in federal court despite knowing Plaintiffs failed to exhaust their administrative remedies, falsely asserted the existence of an employment relationship when none purportedly existed, and failed to address the public information demonstrating Care One is not a proper defendant. (*Id*. at 9–19.) Plaintiffs argue their claims are not frivolous and grounds for sanctions do not exist. (ECF No. 26 at 29–30.)

Rule 11 requires attorneys to conduct "a reasonable investigation of the facts and a normally competent level of legal research to support" the claims they assert. *Oxfurth v. Siemens A.G.*, 142 F.R.D. 424, 426 (D.N.J. 1991). Rule 11 aims to sanction "abuse, and 'should not be applied to adventuresome, though responsible lawyering which advocates creative legal theories.'" *Id*. (citing *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 94 (3d Cir. 1988)). Courts have been instructed to apply Rule 11 sanctions only in "exceptional circumstances" and such sanctions are "appropriate when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *Id*. at 427 (citations omitted).

An attorney's conduct may implicate penalties under 28 U.S.C. § 1927, which authorizes the assessment of costs and attorney fees if a court finds that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *In re Prudential Ins. Co. Am. Sales Practice Litig*., 278 F.3d at 188. Federal courts have inherent power to assess attorney's fees against counsel that appear before the court when a party has "acted in bad faith, vexatiously,

wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991). "The imposition of sanctions in this instance . . . mak[es] the prevailing party whole for expenses caused by his opponent's obstinacy." *Id*. (quotation omitted).

Here, the Court reluctantly declines to impose sanctions. While it may have been prudent for Plaintiffs to have engaged in some further reasonable investigation before filing their claims, the Court does not find Plaintiffs acted in bad faith. Notwithstanding, it is important for Plaintiffs to recognize that their impatience with the EEOC process does not excuse them from fulfilling the threshold requirement of exhausting their administrative remedies before filing suit. *See Moteles v. Univ. of Pa.*, 730 F.2d 913, 917 (3d Cir. 1984) ("The preference for [EEOC] conciliation as the dispute resolution method in employment discrimination proceedings should not be undermined by a party's deliberate by-pass of administrative remedies."). Nor is it appropriate for Plaintiffs to insist on maintaining suit after being advised of such failure to satisfy those threshold requirements.[4] Still, "[n]ot every incidence of shoddy lawyering justifies sanctions." *Perirx, Inc. v. Regents of the Univ. of Cal.*, Civ. A. No. 20-02212, 2022 U.S. Dist. LEXIS 10291, at *3–4 (E.D. Pa. Jan. 20, 2022) ("[W]hile the Court does not condone lawyers' sloppiness, the Court is also not a roving tribunal of professional ethics.").

To the extent Care One maintains it is a holding company and not the proper defendant, Plaintiffs explained they reasonably believed Care One was a proper defendant because of its affiliation with the facilities at issue and indicated a willingness to properly name the correct defendants. Plaintiffs allegedly suffered an injury and believe they may have a basis to bring a claim. This does not constitute an "exceptional circumstance" to warrant sanctions under Rule 11.

---

[4] In a letter sent by Care One to Plaintiffs dated January 13, 2022, Care One requested Plaintiffs voluntarily withdraw this action in light of the fact Plaintiffs failed to exhaust the required remedies to maintain their Title VII and ADA claims before filing suit. (Nathanson Decl. (ECF No. 20-2).)

*See Mary Ann Pensiero*, 847 F.2d at 99 ("[S]anctions under [Rule 11] are reserved for only exceptional circumstances."). Nor at this early stage has Plaintiffs' counsel "multiplied proceedings" in an "unreasonable and vexatious manner" for the Court to warrant sanctions under 28 U.S.C. § 1927. Accordingly, Care One's motion for sanctions is **DENIED.**

## IV.    CONCLUSION

For the reasons set forth above, Care One's Motion to Dismiss (ECF No. 11) is **GRANTED** and Motion for Sanctions (ECF No. 19) is **DENIED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Dated:  September 19, 2022